UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVONTAE JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:** **Clerk of the Court;**

**AND TO:** **Devontae Johnson, Plaintiff;**

**AND TO:** **Plaintiff's attorneys of record**

PLEASE TAKE NOTICE that Defendant CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. ("Defendant"), by this Notice, hereby removes the state action described below from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant asserts the following:

## PLEADINGS

1. On July 20, 2026, Plaintiff Devontae Johnson ("Plaintiff") initiated a civil action in King County Superior Court by filing a copy of the Summons and Class Action Complaint for Damages against Clean Harbors Environmental Services, Inc. ("Complaint"). The Complaint sets forth eight causes of action: (1) alleged Failure to Provide Rest Periods in violation of RCW 49.12.020 and WAC 296-126-092; (2) alleged Failure to Provide Meal Periods in violation of RCW 49.12.020 and WAC 296-126-092; (3) alleged Failure to Pay Overtime Wages in violation of RCW 49.46.130; (4) alleged Payment of Wages Less Than Entitled in violation of RCW 49.46.090; (5) alleged Failure to Accrue and Allow Use of Paid Sick Leave in violation of RCW 49.46.210 and WAC 296-128-620; (6) alleged Unlawful Deductions and Rebates in violation of RCW 49.52.060 and WAC 296-126-028; (7) alleged Failure to Pay Wages Due at Termination in violation of RCW 49.48.010; and (8) alleged Willful Refusal to Pay Wages in violation of RCW 49.52.050. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Superior Court Civil Rule 23. Verification of State Court Records ("Verification"), **Exhibit ("Ex.") 1**.

2. Plaintiff affected service of the Summons, Complaint, Demand for Jury, and Order Setting Case Schedule on Defendant on July 22, 2026.

3. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and correct copies of the records and proceedings that Defendant has received in the state court proceeding, King County Superior Court Case No. 26-2-23247-4.

## VENUE AND INTRA-DISTRICT ASSIGNMENT

4. Venue is proper (for purposes of removal) in the Western District of Washington



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

at Seattle. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Seattle because Plaintiff initiated the lawsuit in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

**TIMELINESS OF REMOVAL**

5. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). As stated in the prior section, Defendant was served a copy of the Summons and Complaint on July 22, 2026. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action against Defendant in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**CAFA JURISDICTION**

6. This Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

7. Class Action Filed under State Law. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Compl., ¶¶


LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

4.1-4.7.

8. Putative Class Size. CAFA provides this Court with jurisdiction over a class action where "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). This requirement is readily met here.

9. In this case, Plaintiff expressly pleads a class action under Washington Civil Rule 23 on behalf of a proposed class. Specifically, Plaintiff defines the putative class as follows: "All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of the Complaint to final disposition of this action." Complaint, ¶ 4.1. Based on a review of Defendant's records, Defendant employed at least 375 hourly-paid or non-exempt employees in the State of Washington during the putative class period of July 20, 2026 (three years before the Complaint was filed) through August 21, 2026. Decl. of Keinna McKnight ("McKnight Decl."), ¶ 5. This satisfies CAFA's numerosity requirement. 28 U.S.C. § 1332(d)(5)(B).

10. Minimum Diversity. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130–31 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

11. *Citizenship of Plaintiff*. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

(9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). And allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2s 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise*"); Christian v. Regence Bluecross Blueshield of Or.*, No. C20-5445-RJB-MAT, 2020 WL 5038733 (W.D. Wash. Aug. 25, 2020) (finding a place of residence provides "'prima facie' case of domicile").

12. Plaintiff alleges that he is a resident of Washington. Compl. ¶ 3.1. According to Defendant's records, Plaintiff worked for Defendant and resided in the State of Washington. McKnight Decl., ¶ 4; Compl., ¶ 7. Thus, Plaintiff is domiciled in Washington and is a citizen of Washington.

13. *Citizenship of Defendant*. At the time this action was commenced, and at the time of removal, Defendant was not, and is not, a citizen of Washington. For purposes of removal, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As the United States Supreme Court has held, a corporation's principal place of business is where "the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . [T]he 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (internal citations omitted).

14. Defendant is incorporated in the Commonwealth of Massachusetts and maintains its corporate headquarters and principal place of business in Norwell, Massachusetts. McKnight



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Decl. ¶ 2. Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of Massachusetts, and not a citizen of Washington. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15. Consequently, minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

16. Diversity Exclusions. There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA. In all such situations enumerated in the statute, one or more of the defendants are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B). As discussed above, Defendant in this action is not a citizen of Washington.

17. Governmental Exclusion. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." As discussed above, Defendant is a company, not a state, state official, or other governmental entity exempt from CAFA. *See* McKnight Decl. ¶ 2.

18. Amount in Controversy. For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

**AMOUNT IN CONTROVERSY**

19. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

20. To remove a case from a state court to a federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (citing 28 U.S.C. § 1446(a)). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* The defendant's notice of removal must simply include "a plausible



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (same). Evidence establishing the amount in controversy is only required when plaintiff contests, or the court questions, defendant's allegations. *See Dart*, 574 U.S. at 88. "[N]o antiremoval presumption attends cases invoking CAFA." *Id.* at 98.

21. "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. The facts alleged below, in combination with the allegations of the Complaint, establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (where the complaint does not state the amount of damages claimed, the removing defendant may establish the amount in controversy for CAFA jurisdiction by a preponderance of the evidence). The amount in controversy is based on the claims asserted, without reference to defenses to the claims. *Smithers v. Smith*, 204 U.S. 632, 642 (1907); *Schunk v. Moline, Milburn & Stoddart Co.*, 147 U.S. 500, 505 (1893); *Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

22. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Defendant further denies that this action is appropriate to be certified or maintained as a class action. Nonetheless, assuming Plaintiff prevails on his claims and establishes the propriety of class treatment based on the definition pled for purposes of removal only, the amount in controversy as alleged by Plaintiff exceeds the sum of $5 million.

23. Plaintiff asserts eight causes of action on behalf of a class of individuals as defined above. Although Plaintiff asserts these eight causes of action on behalf of the putative class, Defendant calculates the amount in controversy in this Notice based on only some of Plaintiff's claims. Nonetheless, the $5 million jurisdictional threshold is readily satisfied.

24. <u>The Putative Employee Class.</u> Plaintiff seeks damages on behalf of a putative class of hourly or non-exempt employees in Washington. Plaintiff alleges that his "claims are typical of the claims of the members of the Class" and that his claims "arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories." Compl. ¶ 4.4. Plaintiff alleges that the relevant statute of limitations period on these claims is three years. For purposes of removal only, based on a preliminary review of Defendant's records, the putative class of approximately **375** non-exempt employees worked approximately **28,307** workweeks during the Putative Class Period, between July 20, 2023 (three years before the date the Complaint was filed) and August 21, 2026, with an average rate of pay of **$29.04 per hour**. McKnight Decl., ¶ 5.

25. *Failure to Provide Rest Periods (First Cause of Action).* Plaintiff alleges that Defendant "engaged in a common course" of failing to provide compliant rest periods and further failed to pay Plaintiff and putative class members for missed rest periods. Compl. ¶¶ 5.2-5.5, 6.9. Additionally, Plaintiff alleges that Defendant engaged in "a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington." *Id.* ¶ 5.1.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

26. These allegations support a higher violation rate up to 60%. "District courts in this circuit have found that when the alleged violations are defined as a 'pattern and practice,' or similar language, a 20% to 60% violation rate is appropriate." *Washington v. Kerry Inc.*, No. C25-0965-TL, 2025 WL 3089015, at *8 (W.D. Wash. Nov. 5, 2025); *see also id.* (stating "a 'common practice' of alleged violations has been found to be a 50% violation rate"). And a "higher valuation rate might be appropriate if Plaintiff's complaint alleged a widespread or systematic pattern of violations." *Young v. Lab. Corp. of Am.,* No. 3:23-cv-05892-DGE, 2024 WL 689605, at *5 (W. D. Wash. Feb. 20, 2024); *see also Mills v. Saia, Inc.*, No. 6-cv-5033-BHS, 2026 WL 1078226, at *3 (W.D. Wash. Apr. 21, 2026) (finding 60% violation rate reasonable where complaint alleged that defendant "engaged 'in a common course of wage and hour abuse' and 'unlawful compensation practices.'").

27. Under Washington law, non-exempt employees are entitled to one 10-minute paid rest break for each four hours of work. *See* WAC 296-126-092. Thus, assuming six noncompliant rest periods per workweek and assuming an average rate of pay of $29.04 per hour, the amount in controversy for the missed rest period claim totals **$822,035** (28,307 workweeks * 1 hour per workweek * $29.04/hour).

28. *Failure to Provide Meal Periods (Second Cause of Action).* Plaintiff next alleges that Defendant "engaged in a common course" of failing to provide compliant meal periods, including ensuring Plaintiff and putative class members were fully relieved of all work duties during their meal breaks, and associated pay for any missed meal periods. Compl. ¶¶ 5.9-5.14, 7.9. These allegations likewise support a higher violation rate. *See Washington*, 2025 WL 3089015, at *8; *Mills*, 2026 WL 1078226, at *3.

29. Under Washington law, non-exempt employees are entitled to one 30-minute unpaid meal break for every five hours worked. *See* WAC 296-126-09. Using an estimate of three missed meal periods per workweek and assuming an average rate of pay of $29.04 per hour as



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

calculated above, the total amount in controversy for the missed meal period claim is **$1,233,052** (28,307 workweeks * 1.5 hours per workweek * $29.04/hour).

30. *Failure to Pay Overtime Wages (Third Cause of Action).* Plaintiff also alleges that he and putative class members engaged in work in excess of 40 hours per week for which they are entitled to recover pay at one-and-one-half times their hourly rate of compensation. Compl. ¶¶ 5.19-5.22, 8.3. Using an estimate of one hour of missed overtime premium per workweek and assuming an average rate of pay of $29.04/hour as calculated above, the amount in controversy for the unpaid overtime wage claim totals **$411,017** (28,307 workweeks * 1 hour per workweek * $29.04/hour * .5 overtime premium).

31. *Payment of Wages Less Than Entitled (Fourth Cause of Action).* Plaintiff alleges that the putative class members have not been paid all wages to which they are entitled. Compl. ¶ 9.3. Plaintiff also alleges that he and the putative class were deprived of reimbursement for all necessary business expenses. *Id.* ¶ 5.24.

32. Using an estimate of one hour of alleged off-the-clock work per workweek and assuming an average rate of pay of $29.04/hour as calculated above, the amount in controversy for the off-the-clock claim totals **$822,035** (28,307 workweeks * 1 hour per workweek * $29.04/hour).

33. *Willful Refusal to Pay Wages (Eighth Cause of Action).* Plaintiff also seeks double damages under RCW 49.52.050 and 49.52.070 for Defendant's alleged willful act to deprive Plaintiff and the putative class of all wages owed. Compl. ¶ 13.5. The amount in controversy for the alleged unpaid rest periods (First Cause of Action) is **$822,035**. The amount in controversy for the alleged unpaid meal periods is **$1,233,052.** (Second Cause of Action). The amount in controversy for the alleged unpaid overtime wages (Third Cause of Action) is **$411,017**. The amount in controversy for the alleged unpaid minimum wages (Fourth Cause of Action) is **$822,035**. Thus, the total amount in controversy for the underlying claims is **$3,288,139**, which is then doubled to **$6,576,278**.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

34. Plaintiff also alleges the following claims: alleged Failure to Accrue and Allow Use of Paid Sick Leave; alleged Unlawful Deductions and Rebates; and alleged Failure to Pay All Wages Due at Termination. However, the factual bases for these claims are not described in the Complaint, and Defendant is unable to calculate the amount in controversy at this time.

*35.* Attorneys' Fees. Plaintiff also seeks attorneys' fees and costs. Compl. ¶¶ 6.10, 7.10, 8.4, 9.4, 10.5, 11.5, 12.4, 13.5. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-795 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019) (reaffirming *Fritsch*).

36. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

37. The estimated amount in controversy for back wages and double damages as calculated above is **$6,576,278**. Taking into account attorneys' fees at the benchmark percentage of 25 percent increases the amount in controversy by **$1,644,069**, for a total amount in controversy of **$8,220,347**.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

38. Accordingly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

**NOTICE TO PLAINTIFF AND STATE COURT**

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

**RESERVATION OF RIGHTS**

In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.

Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendant respectfully requests that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington.

//

//

//

//



LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: August 21, 2026

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Attorneys for Defendant
CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On August 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

| | |
|---|---|
| **Attorneys for Plaintiff**<br>Douglas Han, WSBA #59429<br>Shunt Tatavos-Gharajeh, WSBA #59424<br>Winthrop Hubbard, WSBA #56458<br>JUSTICE LAW CORPORATION<br>1214 Fourth Avenue, Suite 1630<br>Seattle, WA 98101<br>Tel: 360.207.0000<br>Fax: 818.230.7259<br>Email: dhan@justicelawcorp.com<br>statavos@justicelawcorp.com<br>whubbard@justicelawcorp.com | |

I certify under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on August 21, 2026, at Seattle, Washington.

*/s/ Colette Pringle-Saunders*
Colette Pringle-Saunders
Attorney Practice Coordinator
cpsaunders@littler.com
**LITTLER MENDELSON, P.C.**